IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

S&C ELECTRIC COMPANY,

    Plaintiff,

  v.

EDWARD CONTRERAS,

    Defendant.

No. C 11-00383 WHA

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

## INTRODUCTION

In this action regarding attempted civil extortion and related claims for relief, plaintiff moves for a preliminary injunction against defendant. This order grants the motion.

## STATEMENT

Plaintiff S&C Electric Company filed its complaint on January 26, 2011. A temporary restraining order was entered against defendant Edward Contreras the following day, enjoining him from "disseminating any information about S&C Electric Company pending further order" (Dkt. No. 12). Contreras has been properly served but has not made any filing or appearance in this action. A hearing on S&C Electric's instant motion for a preliminary injunction was held on February 17, 2011.

The complaint brings eight claims for relief against Contreras: (1) attempted civil extortion; (2) attempted conversion; (3) trade libel; (4) intentional interference with contractual relations; (5) intentional interference with prospective economic relations; (6) negligent

interference with prospective economic relations; (7) unfair business practices; and (8) misappropriation of trade secrets. The alleged factual basis for these claims is as follows.

Contreras is a former employee of S&C Electric Company; his employment was terminated in December 2008 for performance and behavior reasons. In September 2009, Contreras e-mailed a slideshow presentation to S&C Electric. This presentation "falsely asserted that certain component parts of one of S&C's products were defective, and also falsely claimed that Defendant was terminated from employment by S&C due to his resistance to releasing the allegedly defective products into the marketplace" (Compl. ¶ 7). S&C responded to these allegedly false allegations in writing. In January 2011, Contreras e-mailed a second slideshow presentation to S&C Electric. This second presentation repeated the allegations from the first presentation and also threatened to publicize them to S&C's customers, potential customers, and others in the industry. In particular, Contreras threatened to target Distributech, a major trade show scheduled to begin on February 1, 2011, in San Diego. In the slideshow presentation, Contreras used the words "terrorist," "saboteour" [*sic*], and "perhaps a murderer" to describe S&C Electric, and Contreras threatened to publicize his allegations unless S&C Electric deposited $200,000 into his bank account by 9:00 a.m. on January 27, 2011 — one week after the slideshow presentation was sent. The demand was stated as follows:

> Deposit $200,000.00 for two years of salary and stolen unemployment benefits. Do it no later than next Thursday, Jan. 27, at 9:00 am. You won't hear from me anymore. If you behave, you go your way and I go mine. Remember, on Thursday, you will become an instant public figure.

(*id.* ¶ 13).

At the January 27 hearing on S&C Electric's *ex parte* application for a temporary restraining order, counsel for S&C Electric represented that Contreras had sent further e-mail communications to S&C Electric that morning. These e-mails acknowledged receipt of S&C Electric's complaint and *ex parte* TRO application, and contained a third slideshow presentation with additional threats of extortion. In a February 10 filing, S&C Electric reported that the parties had engaged in several additional rounds of e-mail correspondence and that

1  Contreras had been arrested on or about January 31.  Copies of the e-mails referenced by S&C
2  Electric also were filed in the record.
3      A hearing on the instant motion was held on February 17, 2011.  S&C Electric was
4  represented by counsel, and Contreras represented himself at the hearing.  S&C Electric
5  recapitulated its arguments and represented that Contreras agreed to an extension of the terms of
6  the TRO.  Contreras indicated that he understood the requirements of that order and agreed to
7  abide by them if they were extended.

**ANALYSIS**

9      "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
10 the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
11 balance of the equities tips in his favor, and that an injunction is in the public interest."  *Winter v.*
12 *Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008).  Based on the facts
13 alleged in S&C Electric's compliant, moving papers, and supporting declarations, the present
14 circumstances warrant the extraordinary remedy of a preliminary injunction under *Winter*.
15     Regarding the first *Winter* element, S&C Electric is likely to succeed on the merits of at
16 least one of its eight claims for relief.  S&C Electric's first two claims for relief are attempted
17 civil extortion and attempted conversion;  the facts alleged in the complaint and supported by
18 sworn declarations depict a textbook example of someone attempting to extort and convert the
19 sum of $200,000.
20     Regarding the second element, the Supreme Court requires plaintiffs to demonstrate that
21 irreparable injury is *likely* in the absence of an injunction, not merely "possible."  *Ibid.* at 375.
22 Contreras allegedly has wedged S&C Electric between the rock of surrendering $200,000 under
23 duress and the hard place of suffering Contreras's deliberate, concerted attack on S&C Electric's
24 business.  Rather than bow to Contreras's extortion scheme, S&C Electric filed this civil action
25 and appealed to the appropriate criminal authorities.  If Contreras follows through on his threats,
26 S&C Electric will most likely suffer immeasurable and irreparable harm to its business reputation
27 and relationships.

3

Regarding the third and fourth *Winter* elements, both the balance of the equities and the public interest favor a preliminary injunction. The public has a general interest in deterring extortion, and S&C Electric specifically has a right to be free from extortionist threats. Contreras has no right to make such threats. Because Contreras's threatened negative publicity campaign against S&C Electric is part of his extortion scheme, this speech is not protected by the First Amendment. *See Flatley v. Mauro*, 139 P.3d 2, 19 (Cal. 2006).

Because all four *Winter* elements are satisfied, a preliminary injunction is warranted. Contreras has not made any filing or appearance in this action and has not advanced any arguments opposing S&C Electric's motion for a preliminary injunction.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction is **GRANTED** to the following extent. Defendant Edward Contreras is hereby enjoined from disseminating any information about S&C Electric Company pending resolution of this action. This order does *not* make any findings regarding whether the information in question is confidential.

**IT IS SO ORDERED.**

Dated: February 17, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE