United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

S&C ELECTRIC COMPANY,  No. C-11-383 WHA (DMR)

    Plaintiff,  **REPORT AND RECOMMENDATION RE ENFORCEMENT OF SETTLEMENT AGREEMENT**

    v.

EDWARD CONTRERAS,

    Defendant.

_____/

## I. INTRODUCTION AND BACKGROUND

Plaintiff S&C Electric Company filed this fraud and extortion case on January 26, 2011. [*See* Docket No. 1.] On March 18, 2011, the Honorable William H. Alsup referred the case to the undersigned for settlement. [Docket No. 39.] On July 8, 2011, the Court convened a settlement conference that lasted two and one half hours. [Docket No. 45.] Plaintiff was represented by counsel, while Defendant Edward Contreras proceeded *pro se*. [*See* Docket No. 45.] The court audio-recorded the outcome of the proceedings. [*See* Docket No. 45.] The recording subsequently was transcribed. [Docket No. 54.].

The relevant portions of those proceedings are as follows:

**THE COURT:** Okay. So I have conducted a settlement conference today, and the parties have reached an agreement in full settlement of this matter. The parties have agreed to the material terms of the settlement, which I'm now going to state on the

record and have every -- everyone indicate that they understand the terms and agree to them.

It is likely that the parties will reduce this to writing, but even if they don't, this agreement is fully enforceable as of today, once the parties agree to the -- the terms on the record.

So let me state the terms and then make sure that everyone is in agreement that I've stated the material terms of the agreement.

First of all, Plaintiff, S&C Electric Company, agrees to dismiss the case against Mr. Contreras, all claims with prejudice. The parties agree to a mutual release of all claims known or unknown they may have against each other.

Mr. Contreras agrees to have an injunction issued against him. There's already an injunction in this case. That injunction will continue, except it will be modified slightly in the ways that I'm about to indicate.

Mr. Contreras would be enjoined from disseminating any information about S&C, except -- with -- with one exception. He will be allowed to submit a factual report to the U.S. Department of Energy within 60 days of today and not later. He shall provide a copy of that complaint at the same time that he sends it to the Department of Energy to Mr. Brenneman as representative for the Plaintiff.

The injunction would also require Mr. Contreras to return to S&C any hard copy information that he has that has to do with S&C within a week from today to Mr. Brenneman, and to immediately destroy, delete and eliminate any information pertaining to S&C from any electronically stored device, including, but not limited to, computers, hard drives, emails, disks, flash drives, and any other storage device in his possession or control, except Mr. Contreras may keep a copy of the preliminary report that he prepared that has to do with the calibration issue raised in this case -- it's approximately three pages long. He may keep it to submit a copy along with his Department of Energy complaint, but after that complaint is filed -- assuming it's filed within 60 -- the 60-day deadline -- he must then return a copy -- the copies of that preliminary report to Mr. Brenneman.

Mr. Contreras would also be enjoined from having any contact or initiating any contact with any customers of S -- S&C, except that he can have contact with a utility company that may be a customer of S&C but strictly in his capacity as a customer of that utility.

The parties agree that Mr. Contreras can say the following things about his employment with S&C, and that if contacted, S&C would say these things about Mr. Contreras:

2

> They would confirm his dates of employment, his job title, his rate of pay, and explain that Mr. Contreras separated from employment with S&C for personal reasons.
>
> Within 60 days, Plaintiff agrees to provide a letter to Mr. Contreras from Hydro Quebec, which explains that Hydro Quebec was made aware of the alleged problems with calibration of equipment and that Hydro Quebec does not have any problems with that equipment.
>
> Let me start with you, Mr. Brenneman. Have I accurately stated the material terms of the settlement agreement?
>
> **MR. BRENNEMAN:** Yes, we agree.
>
> **THE COURT:** And Mr. Contreras, have I accurately stated the terms of the settlement agreement?
>
> **MR. CONTRERAS:** Yes, Your Honor.
>
> **THE COURT:** Mr. Contreras, do you understand all of the material terms of the agreement?
>
> **MR. CONTRERAS:** Yes, Your Honor.
>
> **THE COURT:** And do you agree to them in full settlement of this case?
>
> **MR. CONTRERAS:** Yes, Your Honor.
>
> **THE COURT:** Let me turn to Mr. Bik. As a representative of Plaintiff, do you have authority to enter into full settlement of this case on behalf of S&C Electric Company?
>
> **MR. BIK:** Yes, I do.
>
> **THE COURT:** Did you understand all of the material terms of the agreement that I set forward?
>
> **MR. BIK:** Yes, I do.
>
> **THE COURT:** And on behalf of Plaintiff, S&C Electric Company, do you agree to those terms in full settlement of this case?
>
> **MR. BIK:** I do agree to all of those.
>
> **THE COURT:** Okay. Thank you, everyone, for all your very hard work here.

(Hr'g Tr. 2:20-6:5, July 8, 2011.)

On August 8, 2011, Defendant sent Plaintiff an e-mail in which he sought to renege on the terms of the settlement agreement. (Pl. S&C Elec. Co.'s Notice of Mot. & Mot. to Enforce Settlement Agreement & for Protective Order ("Pl. Mot.") Ex. E.) Plaintiff sent Defendant two further e-mails with a settlement agreement and mutual release in accordance with the agreement

1  reached before the Court. (Pl. Mot. Exs. F, G.) On August 30, 2011, Defendant sent Plaintiff two e-
2  mails containing discovery requests. (Pl. Mot. Ex. H.) On October 3, 2011, Plaintiff moved the
3  Court to enforce the settlement agreement and issue a protective order. (*See generally* Pl. Mot.)
4  Judge Alsup referred the matter to this court for a report and recommendation. [Docket No. 48.]
5  The court heard oral argument on December 8, 2011.

## II.  LEGAL ANALYSIS

Courts have inherent power to enforce settlement agreements between the parties in pending cases. *See MetroNet Servs. Corp. v. U.S. W. Commc'ns*, 329 F.3d 986, 1013-14 (9th Cir. 2003), *cert. granted and judgment vacated on other grounds by Qwest Corp. v. MetroNet Servs. Corp.*, 540 U.S. 1147 (2004). A court may enforce a settlement agreement when the parties have agreed to its material terms and an oral agreement made in open court suffices to bind the parties. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1137-38 (9th Cir. 2000); *see also Sargent v. HHS*, 229 F.3d 1088, 1090 (Fed. Cir. 2000) (holding that despite appellant's allegations that he was not bound by settlement agreement because he had not signed it, "it is well-established that an oral agreement is binding on the parties, particularly when the terms are memorialized into the record"); *Armstrong v. City & County of San Francisco*, No. C 01-2611, 2004 WL 2713068, *1 (N.D. Cal. 2004) (citing *Doi*, 276 F.3d at 1138 ("An agreement announced on the record becomes binding even if a party has a change of heart after he agreed to its terms but before the terms are reduced to writing.")) (enforcing oral agreement made in open court). Where the parties expressly agree to the material terms of an agreement in open court, the court need not conduct an evidentiary hearing to determine the material terms or the parties' intent to be bound. *Doi*, 276 F.3d at 1138.

In the present case, the material terms of the parties' oral settlement agreement were memorialized in open court. The court expressly stated that even if the parties intended to reduce the agreement to writing at a later time, the agreement was immediately binding and enforceable. All parties clearly indicated on the record that they understood and agreed to the terms of the settlement. In particular, Defendant unequivocally stated that he understood the terms of the agreement and agreed to be bound by them in full resolution of his case. Thus, under *Doi*, the parties' oral settlement agreement is binding.

At oral argument, Defendant stated that he agreed that the parties had settled the case, but felt that one of the terms of the agreement should be interpreted in a specific manner. As part of the settlement, Plaintiff agreed to provide Defendant with a letter from Plaintiff's customer, Hydro Quebec. The letter would confirm that Hydro Quebec had been made aware of alleged calibration issues with Plaintiff's equipment, and had not experienced any problems with that equipment. Defendant argued that the letter should come from a Hydro Quebec attorney. However, the parties' agreement did not contain such a requirement, and thus the court recommends that Defendant's demand for an attorney-drafted letter not be enforced.[1]

"Where the written terms of a settlement agreement are in accord with the terms agreed to on the record, the written agreement is enforceable by the court." *Armstrong*, 2004 WL 2713068 at *1 (citing *Doi*, 276 F.3d. at 1139-40).

The court carefully has compared the written settlement agreement submitted by Plaintiff with the material terms of the oral agreement set forth in the July 8, 2011 record transcript. Several provisions reach beyond the material settlement terms, and thus should not be enforced. These provisions are contained in paragraphs 2 (effectiveness of agreement contingent upon withdrawal of all claims), 7 (no future employment rights for Defendant), 9 (liquidated damages for disclosure of or failure to return Plaintiff's property), and 12 (reconfirmation of intellectual property confidentiality agreement). In all other respects, the court finds that the terms of the written agreement are in full accord with the oral agreement and should be enforced.

## III. CONCLUSION

This Court recommends that Plaintiff's motion to enforce the settlement be granted. The court further recommends, and is joined by the parties' agreement at oral argument, that the applicable deadlines set forth in the original settlement agreement be extended until 45 days after the issuance of this report and recommendation. The court recommends that the previously issued injunction against Defendant [Docket No. 31] be deemed modified in conformance with the

---

[1] At the hearing, Plaintiff's counsel informed Defendant and the court that the author of the Hydro Quebec letter is the chief of the technical division that engages in business with Plaintiff regarding the equipment in question.

settlement agreement. The court recommends that Defendant be ordered to sign a written settlement agreement that is consistent with the recommendations set forth in this report. Finally, the Court recommends that this matter be dismissed as fully resolved.

Pursuant to Fed. R. Civ. P. 72, a party may serve and file objections to this Report and Recommendation within fourteen days after being served with a copy of said report.

IT IS SO RECOMMENDED.

Dated: December 8, 2011



_____
DONNA M. RYU
United States Magistrate Judge